UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KERMIT M. MOGILLES                           CIVIL ACTION

VERSUS                                       NUMBER: 07-6560

ALLSTATE INSURANCE COMPANY                   SECTION: "A" (5)

## REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge, presently before the Court is the motion for summary judgment of defendant-in-intervention, Gerard Salassi, on the issue of whether Stephen Smith, plaintiff-in-intervention, and his law firm were employed on a valid contingency fee basis (Rec. docs. 22, 29, 30, 33). For the reasons that follow, it is recommended that the motion be granted.

Kermit Mogilles, plaintiff herein, contacted plaintiff-in-intervention on or about August 27, 2007, seeking representation in connection with this Katrina-related claim against his insurer, Allstate Insurance Company. Plaintiff-in-intervention agreed to

represent Mr. Mogilles, originally filing suit in the Civil District Court for the Parish of Orleans which Allstate subsequently removed to this Court on October 9, 2007. (Rec. doc. 1). Ultimately, the case was settled for one hundred fifty-five thousand dollars ($155,000). (Rec. docs. 30 p. 1; 25, p. 1). Thereafter, Mr. Mogilles refused to sign the appropriate release documents or to endorse the settlement check as required by Allstate. (Rec. doc. 11). When Allstate filed a motion to enforce the settlement, Mr. Mogilles responded by alleging that a fee dispute existed between himself and plaintiff-in-intervention. (Rec. doc. 15). Mr. Mogilles filed a motion to substitute counsel of record and discharged his former counsel, plaintiff-in-intervention. (Rec. docs. 13, 15). The parties agree that Mr. Mogilles never entered into a written contract with plaintiff-in-intervention stating that a contingency fee would be charged. (Rec. docs. 29-2; p. 1, 30, p. 4). However, plaintiff-in-intervention claims that he advised Mr. Mogilles that a contingency fee would be due from the proceeds of any monetary award. (Rec. doc. 23, pp. 2-3). Mr. Mogilles argues that he never intended to enter into a contingency fee agreement with plaintiff-in-intervention. (Rec. doc. 29-2).

Plaintiff-in-intervention alleges that Al Evans, an adjuster working for him, met with Mr. Mogilles and gave him a "Hurricane

Claims Packet" which presumably included a written contingency fee contract. (Rec. doc. 30-3). He claims that Mr. Evans and Mr. Mogilles went through each page of the packet, that Mr. Mogilles did not object to the terms of the packet, and that Mr. Mogilles stated that he would sign the contingency fee agreement and return it to plaintiff-in-intervention. (Id.). Mr. Mogilles denies that he and Mr. Evans went through every page of the packet and claims that he did not read the packet when it was given to him by Mr. Evans. (Rec. doc. 33). Mr. Mogilles also denies telling Mr. Evans that he would sign the written contingency fee contract. (Id.).

Plaintiff-in-intervention also alleges that the attorney who referred Mr. Mogilles to him, Peter Hamilton, discussed with Mr. Mogilles the fact that the plaintiff-in-intervention handled hurricane claims according to a contingency fee arrangement. (Rec. doc. 30-2).

Defendant-in-intervention now moves for summary judgment on the issue of whether a contingency fee contract between a lawyer and client must be in writing. Defendant-in-intervention argues that Rule 1.5(c) of the Rules of Professional Responsibility and LSA-R.S. 37:218(A) require a contingency fee contract to be in writing and signed by the client. Plaintiff-in-intervention, on the other hand, argues that Louisiana courts have held that a valid contingency fee can be established where oral and other

3

corroborating evidence support an attorney's assertion that a contingency fee agreement was entered into, even in the absence of a written, signed fee agreement.

Rule 1.5(c) of the Rules of Professional Conduct provides that "[a] fee may be contingent on the outcome of the matter for which the service is rendered ... [and] a contingent fee agreement shall be in writing signed by the client." If the contingent fee agreement is not in writing and is not signed by the client, then it violates Rule 1.5(c). Operation of this rule can be seen in cases like <u>In re Calm C's, Inc.</u>, 179 Fed.Appx. 911 (5th Cir. 2006). There, the Fifth Circuit found that because the attorney did not have a written contingent fee contract, he was not entitled to recover on a contingency basis. <u>Id</u>. at 913. This holding is consistent with Louisiana jurisprudence on this issue. <u>See</u>, e.g., <u>Caldwell v. State ex rel. Dept. of Soc. Services</u>, 991 So.2d 546, 549 (La. App. 5th Cir. 2008)(attorney did not have a signed contingency fee contract with his client and therefore could not recover a contingency fee, because doing so would constitute a violation of Rule 1.5(c)).

Additionally, the Court has to examine LSA-R.S. 37:218. It provides, in pertinent part, as follows:

> A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the

> assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property...

This statute is clearly applicable to the present situation. Both parties agree that the plaintiff did not sign a written contract describing the fee arrangement. The law is clear: in order to be awarded a contingency fee, an attorney must get his client to sign a written fee agreement.

Plaintiff-in-intervention cites case law in support of the proposition that a written contract is not necessary to enforce a contingency fee agreement. He points to two cases, <u>Ethridge v. Merchants Trust and Savings Bank</u>, 389 So.2d 865 (La. App. 4th Cir. 1980) and <u>Tschirn v. Tschirn</u>, 570 So.2d 204 (La. App. 5th Cir. 1990), <u>writ denied</u>, 573 So.2d 1123 (La. 1991), in which both courts found that the lack of a written contract does not necessarily render a contingency fee agreement unenforceable.

While plaintiff-in-intervention is correct with respect to the holding of these two cases, he fails to take note of the professional rules in effect at the time. Effective January 1, 1987, the Rules of Professional Conduct were adopted to replace the Code of Professional Responsibility. <u>Thibaut v. Smith and Loveless</u>, 576 So.2d 532, 535 n.3 (La. App. 1st Cir. 1990), <u>writ denied</u>, 580 So.2d 676 (La. 1991). While the former Code had stated that it was merely desirable to reduce contingency fee agreements to writing,

5

the current Rules now require a contingency fee contract to be in writing. Clearly, Ethridge fell under the former Code's less stringent requirements. And, although Tschirn was decided after 1987, the contract in question was entered into in 1983, four years prior to the adoption of the Rules of Professional Conduct. Tschirn, 570 So.2d at 205.

Furthermore, at least two sections of the court have already addressed this issue. In Bruno v. Scarkino, 1993 WL 165699 (E.D. La. 1983), the court observed that Etheridge and Tschirn no longer offered guidance on the issue of unwritten contingency fee agreements because they were decided under the old Code and not under the stricter requirements of the Rules of Professional Conduct. Id. at *1. The same result was reached in Walle Corp. v. Rockwell Graphics Systems, Inc., 1992 WL 245975 at *2-3 (E.D. La. 1992), aff'd in part, 9 F.3d 103 (5th Cir. 1993)(table), a case that pre-dated Bruno. The Court notes that neither Ethridge nor Tschirn even mention Rule 1.5(c) of the Rules of Professional Conduct, further establishing that those courts were not applying the stricter standard that went into effect in 1987. Id.

Although plaintiff-in-intervention cannot recover a contingency fee because of the lack of a written contract, he is not precluded from recovering a fee altogether. In situations where there is no written contingent fee contract, the attorney can still

recover on a quantum meruit basis. Calm C's Inc., 179 Fed.Appx. at 913; Bruno, 1999 WL 165699 at *2. Therefore, plaintiff-in-intervention can proceed on a quantum meruit basis.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that the motion for summary judgment of defendant-in-intervention, Gerard Salassi, be granted.

New Orleans, Louisiana, this __13th__ day of __February__, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE